THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARSON MOTORS, INC., *et al.*, | CASE NO. C21-1367-JCC |
| Plaintiffs, | ORDER |
| v. | |
| GENERAL MOTORS, LLC, *et. al.*, | |
| Defendants. | |

This matter comes before the Court on Defendant General Motors LLC's ("GM") motion to dismiss Plaintiffs' amended complaint (Dkt. No. 21). Having thoroughly considered the parties' briefing and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS in part and DENIES in part the motion for the reasons described below.

**I.      BACKGROUND**

The Court set forth the underlying facts of this case in a prior order and will not restate them here. (*See* Dkt. No. 19 at 1–2.) This is GM's second motion to dismiss. It previously moved to dismiss Plaintiffs' original complaint, which the Court granted in part, dismissing several claims with prejudice. (*Id.* at 9.) At the time, the Court dismissed Plaintiffs' breach of contract and tortious interference claims without prejudice and with leave to amend. (*Id.*) Plaintiffs have since filed an amended complaint including additional factual allegations supporting those claims, (Dkt. No. 20), which GM again moves to dismiss under Federal Rule of Civil

Procedure 12(b)(6). (Dkt. No. 21.)

## II. DISCUSSION

### A. Legal Standard

A motion to dismiss under Rule 12(b)(6) "tests the legal sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2011); *see* Fed. R. Civ. P. 12(b)(6). To survive such a motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (internal quotation marks and citation omitted); *see Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). In reviewing such a motion, the Court accepts the truth of the facts alleged and draws all reasonable inferences from those facts in a plaintiff's favor. *Al-Kidd v. Ashcroft*, 580 F.3d 949, 956 (9th Cir. 2009). However, allegations must cross "the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 677. Meaning, the complaint must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* As a result, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* at 678 (quoting *Bell A. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

### B. Tortious Interference

The Court dismissed this claim as alleged in Plaintiffs' original complaint because, ignoring its conclusory statements, nothing in the facts as alleged suggested that GM intended to harm Plaintiffs or behaved unreasonably when it exercised its contractual right. (*See* Dkt. No. 9 at 7.) The Court must now determine whether the additional facts from the amended complaint would change this result.

A plaintiff claiming tortious interference with a contractual relationship or business expectancy must prove five elements: (1) the existence of a valid contractual relationship or business expectancy; (2) knowledge of that relationship; (3) the intentional interference with the relationship, which induced or caused a breach or termination; (4) that the interference was for

ORDER
C21-1367-JCC
PAGE - 2

an improper purpose or was done with improper means; and (5) causation, *i.e.*, a direct relationship between the interference and damages. *T-Mobile USA, Inc. v. Huawei Device USA, Inc.*, 115 F. Supp. 3d 1184, 1194 (W.D. Wash. 2015) (citing *Leingang v. Pierce Cnty. Med. Bureau*, 930 P.2d 288, 300 (1997)). However, exercising one's legal interests in good faith is *not* improper interference. *Leingang*, 930 P.2d at 288. For example, a defendant, who in good faith asserts a legally protected interest of its own is not guilty of tortious interference so long as it believes that interest may be impaired by the proposed transaction. *Birkenwald Distrib. Co. v. Heublein, Inc.,* 776 P.2d 721, 726 (1989) (internal quotation marks and citations omitted).

Under the Dealership Sales and Services Agreement ("DSSA"), Jet was required to notify GM of any proposed sale and prospective purchasers of Jet were required to apply to GM for approval of the sale. (Dkt. No. 1-2 at 3.) And GM agreed only to "consider Dealer's proposal and not unreasonably refuse to approve it."[1] (Dkt. No. 22 at 21.) In their amended complaint, Plaintiffs allege that GM: (1) requested irrelevant data from Larson,[2] (2) used an inexperienced reviewer to assess Larson's purchase application, (3) contradicted itself regarding whether Larson's unprofessional communications contributed to the denial, and (4) denied the application based on poor performance at Larson's Cadillac dealership despite the "considerable success and financial performance of Larson's other dealerships." (Dkt. No. 20 at 3–6.) Plaintiff frames these

---

[1] The Court will consider the DSSA under the doctrine of incorporation by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim."). (*See* Dkt. No. 20 at 3 (references in the amended complaint to the DSSA).)

[2] In its response to this motion, Plaintiffs further allege that GM collected this data despite having "no intention of approving the sale, and intended to use this information for its own competitive advantage." (Dkt. No. 23 at 2.) They further assert GM was "secretly working behind [Larson's] back" to locate a different dealer. (Dkt. No. 20 at 9.)

actions as "specific instances of misconduct that point to an improper motive behind GM's refusal of the sale." (Dkt. No. 23 at 3.)

These allegations again border on conclusory. However, drawing all inferences in Plaintiffs' favor, they could demonstrate that GM acted with "an improper objective of harming the plaintiff or the use of wrongful means." *Zango, Inc. v. PC Tools Pty Ltd.*, 494 F. Supp. 2d 1189, 1195 (W.D. Wash. 2007) (quoting *Pleas v. City of Seattle*, 774 P.2d 1158, 1163 (1989)). While GM clearly had a contractual right, if GM *intended* to harm Larson or its refusal was *unreasonable*, it would thus be acting outside of its rights. Plaintiffs' allegations, if true, demonstrate a plausible entitlement to relief for tortious interference.

### C. Breach of Contract

Plaintiffs again claim that Larson was a third-party beneficiary to the agreements between Jet and GM, and that GM breached these contracts to Larson's detriment. (Dkt. No. 1-2 at 6–7.) As discussed above, Plaintiffs' allegations that GM acted unreasonably or in bad faith are fairly conclusory. *See supra* Part II.B. But further, Plaintiffs have not alleged facts that allow the Court to find they were a third-party beneficiary under Michigan law.[3] The agreement disavows third-party beneficiaries. (*See* Dkt. No. 22 at 34.) And while a third-party beneficiary relationship may still be found according to Michigan law despite such language, there is a distinction between an intended third-party beneficiary, who may sue for a breach of a contractual promise in its favor, and an incidental third-party beneficiary, who may not. *See Osprey-Troy Offcentre L.L.C. v. World All. Fin. Corp.*, 822 F. Supp. 2d 700, 705-06 (E.D. Mich. 2011). The intention of Michigan's statute is "to assure that contracting parties are clearly aware that the scope of their contractual undertakings encompasses a third party, directly referred to in the contract, before the third party is able to enforce the contract." *Schmalfeldt v. N. Pointe Ins. Co.*, 670 N.W.2d 651, 654 (Mich. 2003).

---

[3] The agreement contains a choice-of-law clause expressly providing that it is governed "by the laws of the State of Michigan." (Dkt. No. 22 at 35.)

ORDER
C21-1367-JCC
PAGE - 4

Plaintiffs argue that a generalized disclaimer does not foreclose the creation of a third-party beneficiary relationship where specific terms establish such an intention. (*See* Dkt. No. 23 at 12.) In support, they cite a single case, *Osprey-Troy,* 822 F. Supp. 2d at 705. (*Id.*) In *Osprey-Troy*, the Court held that a landlord was an intended third-party beneficiary to a sublease that expressly named him as the landlord and required the sublessee to govern itself under the terms of the original lease. 822 F. Supp. 2d at 705-06. But the case is not analogous. The agreement between Jet and GM does not expressly name Larson or offer any substantial benefit to Larson outside of reasonable consideration of a proposed sale to a dealer such as Larson. (*See* Dkt. No. 22 at 21.) This is insufficient for the Court to draw a reasonable inference that Larson is a third party beneficiary of GM's agreement with Jet. *See Iqbal*, 556 U.S. at 677.

Plaintiffs have failed to state a plausible claim for breach of contract. To the extent that the pleadings can be cured by the allegation of additional facts, a plaintiff should be afforded leave to amend. *Cook, Perkiss and Liehe, Inc. v. Northern Cal. Collection Serv.*, Inc., 911 F.2d 242, 247 (9th Cir. 1990) (citations omitted). However, a court need not provide further leave where "it is clear the complaint could not be saved by amendment." *Livid Holding Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see also Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 879 (9th Cir.1999) (the court's discretion in denying leave to amend is particularly broad when it previously granted leave to amend). Because Plaintiffs have been unable to cure the defects in their breach of contract claim, and it would appear clear to the Court that further amendment would be futile, the claim should be dismissed with prejudice and without leave to amend.

## III.    CONCLUSION

For the foregoing reasons, GM's motion to dismiss (Dkt. No. 21) Plaintiffs' amended complaint is GRANTED in part and DENIED in part. Plaintiffs' breach of contract claim is DISMISSED with prejudice.

//

DATED this 30th day of March 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-1367-JCC
PAGE - 6