THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LARSON MOTORS INC., *et al.*,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>GENERAL MOTORS LLC,<br><br>　　　　　　Defendant. | CASE NO. C21-1367-JCC<br><br>ORDER |

I.　　**BACKGROUND**

　　This matter comes before the Court on the Joint Local Civil Rule 37 Submission, (Dkt. No. 43), and Plaintiffs Larson Motors, Inc. and RJ 35700, LLC's Motion to Compel Production of Documents and Responses to Plaintiffs' First and Second Requests for Production, (Dkt. No. 48), and Defendant's Motion to Compel Compliance with Subpoenas Served on Non-Parties RJ 4505, LLC, and RJ 4500, LLC. (Dkt. No. 50.) The Court has thoroughly considered the parties' briefing and the relevant record, and hereby ORDERS as follows.

　　Discovery motions are strongly disfavored. The Court begins with this reminder because in the great majority of cases, discovery issues can be avoided if the parties do one simple thing: talk with one another in good faith. If parties talk in good faith but are still unable to resolve their dispute, the Court has no problem stepping in—the Court's role is to resolve disputes, after all.

But when parties file discovery motions without talking in good faith, they risk engendering ill will and wasting the parties' and the Court's time.

The Court has previously set forth the facts of this case and will not repeat them here. (*See* Dkt. Nos. 19, 29.) On November 28, 2022, in accordance with Local Civil Rule 37, the parties filed a joint motion for discovery, which seeks to resolve 16 discovery disputes regarding Defendant's requests for production ("RFPs.") (Dkt. No. 43 at 10–29.) Defendant also seeks to compel Plaintiffs to comply with four additional discovery requests, and to impose sanctions for misuse of the discovery process. (*Id*.) On December 15, 2022, Plaintiffs filed a motion to compel Defendant to respond to various RFP requests. (Dkt. No. 48.) On December 16, 2022, Defendant filed a motion to compel compliance with subpoenas served on non-parties. (Dkt. No. 50.)

## II.   DISCUSSION

### A.   Legal Standard

The Court has broad discretion to decide whether to compel discovery. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). An "evasive or incomplete disclosure, answer, or response must be treated as failure to . . . answer." Fed. R. Civ. P. 37(a)(4). If requested discovery is withheld inappropriately or goes unanswered, the requesting party may move to compel such discovery. Fed. R. Civ. P. 37(a)(1). Any such motion must contain a certification "that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to resolve the dispute without court action." LCR 37(a)(1). "A good faith effort to confer with a party or person not making a disclosure or discovery requires a face-to-face meeting or a telephone conference." *Id*.

### B.   Joint LCR 37 Submission

The parties' Rule 37 Submission contains almost two dozen disputed items. (Dkt. No. 43). As a threshold matter, the Court admonishes each party for not providing the Court a clear,

concise, and factually consistent record regarding attempts to meet and confer. Moving forward, the Court will not consider discovery disputes unless the parties first demonstrate good faith efforts to amicably resolve them. Another global issue: Plaintiffs argue the Defendant waived all objections because it did not timely respond to the requests. (Dkt. No. 43 at 14.) Even if this were the case, the Court will use its discretion to excuse any categorical waiver of objections, *in lieu* of assessing each dispute on its merits.

1. <u>Defendant's RFP Nos. 1 and 2 to Plaintiff Larson Motors, Inc.</u>

Defendant requests, in part, all documents related to the contemplated sale of Jet Chevrolet to Plaintiffs.[1] (Dkt. No. 43 at 10–13.) Plaintiffs object on the grounds that the "formal discovery requests…do not include emails and text messages," and that the remaining documents are protected by attorney-client privilege. (*Id*.) Text messages, e-mails, and electronic communication, are all included in any reasonable interpretation of a request for "communications." Plaintiffs' assertion to the contrary indicates a lack of good faith. Furthermore, to the extent Plaintiffs are withholding documents based on a recognized privilege, they must produce a privilege log. Accordingly, Larson Motors, Inc. ("Larson") is ORDERED to produce all responsive non-privileged documents to Defendant's RFP Nos. 1 and 2, including but not limited to text messages and e-mails, and any files stored on a shared OneDrive and SharePoint Folder which Larson has not yet produced.[2]

2. <u>Defendant's RFP Nos. 28 and 29 to Plaintiff Larson Motors, Inc.</u>

Defendant requests, in part, all documents and communications related to the contemplated sale of Jet Chevrolet Assets to Larson. (Dkt. No. 45 at 13–15.)  Defendant

---

[1] Here, and for the rest of this Order, the Court will sometimes paraphrase the language in the RFP to provide context for the analysis. Neither party should interpret these summaries to limit or expand the scope of the respective RFP.

[2] Any order to comply with a request should be done to the full extent of the respective RFP unless the Court states otherwise. Here, and for the rest of this Order, the Court may provide additional language to clarify and emphasize a point regarding a particular dispute.

concedes that Plaintiffs' supplemental response resolves this dispute. (*Id*. at 15–16.) Accordingly, the Court DENIES as moot Defendant's request to compel Larson to supplement its response to RFP Nos. 28 and 29.

          3.   <u>Defendant's RFP Nos. 30 and 31 to Plaintiff Larson Motors, Inc.</u>

Defendant requests, in part, all documents related to Larson's efforts to mitigate damages, or to redeploy capital related to the proposed acquisition of Jet Chevrolet. (Dkt. No. 43 at 16–19.) Larson objects on the grounds that these RFPs do "not demand communications." (Dkt. No. 43 at 17.) This objection is without merit. Not only is "communication" included in a logical reading of a request for "documents," the term "communications" is explicitly included in the operative definition of "documents" provided to Plaintiffs. (Dkt. No. 44 at 107.) Plaintiffs either did not due their due diligence in examining these definitions before objecting, or they were aware that this objection was meritless, and they made it anyways. Either way, this behavior once again reflects a lack of good faith effort to engage in the discovery process on the part of Plaintiffs. To the extent Plaintiffs already produced all relevant documents, they must indicate as such. Accordingly, Larson is ORDERED to produce all documents, including communications, responsive to Defendant's RFP Nos. 30 and 31 to Larson Motors Inc.

          4.   <u>Defendant's RFP No. 32 to Plaintiff Larson Motors, Inc.</u>

Defendant requests, in part, all documents related to Larson's efforts to acquire other automotive dealerships over a specified period. (Dkt. No. 43 at 19.) Plaintiffs indicate they do not have any documents responsive to this request, and that they will supplement their discovery response if such documents come into existence. (*Id*.) Accordingly, the Court DENIES as moot Defendant's request to compel Larson to supplement its response to RFP No. 32.

          5.   <u>Defendant's RFP No. 34 to Plaintiff Larson Motors, Inc.</u>

Defendant requests, in part, all documents related to projections of probability, gross income, net income, and expenses for the Jet Chevrolet dealership, over a specified period. (Dkt. No. 45 at 20.) Plaintiffs indicate they have produced all responsive documents to this request.

1  (*Id*.) Accordingly, the Court DENIES as moot Defendant's request to compel Larson to
2  supplement its response to RFP No. 34.

3        6.   Defendant's RFP No. 35 to Larson Motors, Inc.

4      Defendant requests all documents related to the appraisals of the Jet Chevrolet real estate.
5  (Dkt. No. 43 at 21.) To the extent Larson withheld any relevant information because this request
6  does "not demand communications," this objection is overruled for reasons stated above. *See*
7  *supra* Section (II)(B)(3). Accordingly, Larson is ORDERED to produce all documents, including
8  communications, responsive to Defendant's RFP No. 35 to Larson Motors Inc.

9        7.   Defendant's RFP Nos. 36 and 39 to Larson Motors, Inc.

10     Defendant requests, in part, all documents related to expenses Larson incurred in
11 connection with the proposed acquisition of the Jet Chevrolet dealership and documents related
12 to staffing following the proposed acquisition. (Dkt. No. 45 at 22.) Defendant concedes that
13 Plaintiffs' supplemental response resolves RFP No. 36. (*Id*. at 23.) And Plaintiffs assert that they
14 produced all relevant documents for RFP No. 39. (*Id*. at 24.) Accordingly, the Court DENIES as
15 moot Defendant's request to compel Larson to supplement its response to RFP Nos. 36 and 39.

16       8.   Defendant's RFP Nos. 31, 32, and 33 to Plaintiff RJ 35700, LLC

17     Defendant requests, in part, all documents related to Plaintiff RJ 35700's efforts to
18 mitigate damages, and/or efforts to acquire other real estate. (Dkt. No. 43 at 24–27.) For the
19 reasons articulated in the Court's analysis of Defendant's RFP Nos. 30 and 31 to Larson, *see*
20 *supra* Section (II)(B)(3), Plaintiff RJ 35700 is ORDERED to produce all documents, including
21 communications, responsive to Defendant's RFP Nos. 31, 32, and 33 to Plaintiff RJ 35700.

22       9.   Defendant's RFP No. 35 to Plaintiff RJ 35700, LLC

23     Defendant requests, in part, all documents related to projections of profitability, gross
24 income, net income, and expenses for the real estate that was the subject of the purchase
25 agreement. (Dkt. No. 43 at 27.) Plaintiffs indicate they have produced all responsive documents
26 to Defendant's RFP No. 35 to Plaintiff RJ 35700 LLC. (*Id*. at 28.) Accordingly, the Court

DENIES as moot Defendant's request to compel Plaintiff RJ 357000 LLC to supplement its response to RFP No. 35.

10. Defendant's RFP No. 37 to Plaintiff RJ 35700, LLC

Defendant requests, in part, all documents related to expenses incurred by Plaintiff RJ 35700 LLC in connection with the proposed acquisition of the Jet Chevrolet dealership. (Dkt. No. 43 at 28–29.) For reasons articulated in the Court's analysis of RFP Nos. 36 and 39 to Larson, *see supra* Section (II)(B)(7), the Court DENIES as moot Defendant's request to compel Plaintiff RJ 35700 LLC to supplement its response to RFP No. 37.

11. Additional Discovery Requests

In addition to the discovery disputes raised above, Defendant asks the Court to order Plaintiffs' principal Mark Nelson to return to his deposition as a designated 30(b)(6) witness for Larson, and for Plaintiffs to produce (1) the notes taken by Mark Nelson during their deposition of GM LLC's principal Paul Wiest, (2) the OneDrive folder maintained by Plaintiffs' former employee Mason Sessions in its entirety, and (3) the contents of the SharePoint folder containing documents relevant to the Jet Chevrolet transaction. (Dkt. No. 43 at 4.) Defendant has not properly certified to the Court it has attempted to confer in good faith with Plaintiffs to resolve these disputes, as required by the local rules. *See* LCR 37(a)(1). Accordingly, the Court DENIES as moot these requests.

12. Sanctions

The Ninth Circuit has given district courts broad discretion to issue sanctions. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). If a party fails to provide information, identify a witness, or supplement an earlier response, the Court may impose sanctions, including ordering payment of the moving party's reasonable expenses caused by the failure. *See* Fed. R. Civ. P. 37(c)(1). The Court need not order payment of fees if the opposing party's nondisclosure was "substantially justified" or "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(ii-iii). Substantial justification exists if reasonable

people could differ as to the appropriateness of the contested action. *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

Defendant asks the Court to impose sanctions in the amount of $7,025.00 against Plaintiffs and their counsel jointly and severally for "misuse of the discovery process and the unfortunate necessity of [Defendant's] bringing of this Motion." (Dkt. No. 43 at 4.) Defendant claims that Plaintiffs "Stonewalled" its discovery efforts and have "refused to meet and confer in good faith." (*Id.*) While the Court grants a significant portion of Defendant's discovery requests, reasonable minds could conclude that Plaintiffs' failure to produce documents in a timely manner resulted from a breakdown in communication by both parties or a conflicting reading of the terms of the requests. Accordingly, Defendant's request for sanctions is DENIED. Moving forward, the parties are strongly encouraged to resolve disputes in an amicable matter.

**C.    Plaintiffs' Motion to Compel**

Plaintiffs seek a court order to require Defendant General Motors LLC to provide supplemental responses to their discovery requests. (Dkt. No. 48 at 1.) Plaintiffs also request the Court to conduct an *in camera* review of documents identified in Defendant's privilege log. (*Id.*)

1. Plaintiffs' First RFP No. 2

Plaintiffs seek all documents and communications between Defendant and third-party Ken Dinsmore relating to any sale, potential sale, proposed sale, or inquiry regarding pricing of the Jet Chevrolet dealership, its assets, and the real estate upon which it sits, within the past five years. (Dkt. No. 48 at 7.) Defendant has already produced all the relevant documents in its possession responsive to this request. (Dkt. No. 52 at 8.) Accordingly, the Court DENIES as moot Plaintiffs' request to compel Defendant to supplement its response to Plaintiffs' First RFP No. 2.

2. Plaintiffs' First RFP Nos. 7 and 8

Plaintiffs seek decision letters, Candidate Performance Reviews ("CPRs"), and documents related to interviews conducted of roughly a dozen proposed buyers in the State of

Washington in the past five years. (Dkt. No. 48 at 8.) Defendant is right to note the tenuous relevance these documents have to the Plaintiffs' remaining legal claim. (Dkt. No. 52 at 9.) However, Defendant has agreed to locate, produce, and supplement its response if and when the requested documents are located. (*Id*.) Therefore, no further action is required at this time for Plaintiffs' First RFP Nos. 7 and 8, and the Court DENIES this portion of Plaintiffs' motion to compel as moot.

### 3. Plaintiffs' Second RFP No. 4

Plaintiffs seek documents stored on "GM GlobalConnect," that may be relevant to the case. (Dkt. No. 48 at 9.) Defendant's supplemental response explains that all relevant documents have already been produced. (Dkt. No. 52 at 10.) Therefore, no further action is required at this time for Plaintiffs' Second RFP No. 4, and the Court DENIES this portion of Plaintiffs' request to compel as moot.

### 4. Plaintiffs' Second RFP Nos. 5–7

Plaintiffs seek all versions of CPRs and Candidate Interview Summaries, as well as attachments and notes prepared in relation to these documents, for each potential buyer in the State of Washington in the last five years. (Dkt. No. 48 at 10.) Defendant objects to the relevance of this request, but nonetheless provided final CPRs for the proposed transactions. (Dkt. No. 52 at 11.) The remaining issue is whether Defendant must be compelled to provide "all versions" of the CPRs. Plaintiffs have not provided factual or legal support for how a draft CPR for other proposed buy/sell transactions is relevant to their remaining legal claim. As it stands, this request appears to be little more than a fishing expedition. Accordingly, the Court DENIES Plaintiffs' request to compel Defendant to supplement its response to Plaintiffs' Second RFP Nos. 5–7.

### 5. *In Camera* Review of Privileged Documents

Plaintiffs request the Court to conduct an *in camera* inspection of "all of Defendant's redacted and withheld documents," or a subset identified in their motion. (Dkt. No. 48 at 7.) To support such a request, Plaintiffs must "show a factual basis sufficient to support a reasonable,

good faith belief that an *in camera* inspection may reveal evidence that information in the materials is not privileged." *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir.1992). Whether to do so is within the sound discretion of this Court, considering factors such as the volume of materials, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through *in camera* review will establish that the documents are not privileged. *Id*. at 1073.

The work product doctrine states that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative . . . ." Fed. R. Civ. P. 26(b)(3)(A). The rule does not shield all documents relating to a case. Instead, it applies only to documents prepared in anticipation of litigation or for trial. *Id*. To determine whether a document was prepared "in anticipation of litigation," courts examine the totality of the circumstances surrounding the document to evaluate whether it was created "because of" the threat of litigation. *In re Grand Jury Subpoena*, 357 F.3d 900, 907–08 (9th Cir. 2004). Even if documents are protected by the work product doctrine, they are still discoverable if a party can show that it "has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by another means." Fed. R. Civ. P. 26(b)(3)(A)(ii).

The attorney-client privilege applies to communications and advice between an attorney and client and extends to documents which contain a privileged communication." *Pappas v. Holloway*, 787 P.2d 30, 34 (Wash. 1990). In the corporate context, the privilege applies to communications between counsel and corporate employees regarding matters within the scope of their corporate duties, supplied for the purpose of obtaining legal advice for the corporation, and treated in a confidential matter. *Upjohn v. United States*, 449 U.S. 338, 396 (1981). Confidential conversations between counsel and members of the top management of a corporation are covered by the attorney-client privilege, as top management is empowered to act on behalf of the corporation. *Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985).

1  Additionally, confidential conversations with mid-level or lower-level employees may be
2  covered by the attorney-client privilege if those employees possess information needed by
3  counsel in order to give well-informed legal advice, or if those employees are the people acting
4  on counsel's legal advice. *See Upjohn*, 449 U.S. at 390–91.

5  Here, Plaintiffs allege certain documents identified in Defendant's privilege log are not
6  privileged because they occurred before March 31, 2021, the date Plaintiffs identify as the
7  starting point for the potential for litigation. (Dkt. No. 48 at 6.) They argue that any
8  communications with Defendant's general counsel prior to this date necessarily reflect "business
9  advice rather than legal advice." (*Id*.) Additionally, Plaintiffs allege that the attorney-client
10 privilege is inapplicable to these documents because the confidential communications were
11 discussed with other employees, thus waiving the privilege. (*Id*.)

12 Plaintiffs' assertions are factually and legally unsupported. A demand letter is not
13 necessarily the starting point for impending litigation. Counsel for a large company is aware that
14 there is a potential for litigation when it is evaluating a proposed sale or denial of sale. Moreover,
15 while it is true that only legal advice—not business advice—is covered by the attorney-client
16 privilege. *See Kammerer v. W. Gear Corp.*, 635 P.2d 708, 711 (Wash. 1981). Defendants have
17 made clear in their supplemental response that these communications involved legal advice,
18 (Dkt. No. 52 at 13), and that "all of the documents except one are communications either to or
19 from GM LLC's in-house attorney Brian Cullin concerning Plaintiffs' proposed purchase of Jet
20 Chevrolet and involving legal advice." (*Id*.) These documents are undoubtably protected by
21 privilege. With regards to the odd-document out, GM000000404-405, Defendants explained that
22 this is "communication[] between GM LLC employees discussing the legal advice received from
23 Brian Cullin." (Dkt. No. 52 at 13.) Discussion with fellow GM employees does not waive the
24 privilege because such discussion is only fully informing the client, GM, about counsel's advice.
25 *See Upjohn*, 449 U.S. at 390–91; *In re Grand Jury Subpoena*, 357 F.3d at 907–08.

26 Thus, Plaintiffs may only compel production of these documents if they can show that

ORDER
C21-1367-JCC
PAGE - 10

they have a substantial need for the materials to prepare their case and cannot, without undue hardship, obtain their substantial equivalent by other means. *See* Fed. R. Civ. P. 26(b)(3)(A)(ii). Plaintiffs have not met this burden: they have asserted no substantial need for these materials and no undue hardship that would occur by obtaining the materials through other means. In fact, the relevancy of these documents is tenuous at best. Accordingly, Plaintiffs' motion for *in camera* review is DENIED.

      6.   Sanctions

Plaintiffs ask the Court to impose sanctions against Defendant pursuant to Federal Rule of Civil Procedure 37. (Dkt. No. 48 at 11.) The Court finds that Defendant's responses were reasonable for the reasons explained above. Accordingly, Plaintiffs' request for sanctions is DENIED.

**D.**      **Defendant's Motion to Compel**

One particular method of discovery is a subpoena for documents. *See* Fed. R. Civ. P. 45(a)(D). A subpoena for documents allows a party to obtain documents from a non-party to the same extent that the party can obtain documents from another party under Federal Rule of Civil Procedure 34. *See* Fed. R. Civ. P. 45, Advisory Committee Note of 1991, subdivision (a). Thus, a party may use a subpoena for documents to obtain discovery regarding any matter that is relevant, proportional to the needs of the case, and nonprivileged. *See* Fed. R. Civ. P. 26(b), 34(a).

If a subpoenaed party believes that a subpoena requires it to produce material that is irrelevant, disproportionate to the needs of the case, or privileged, then the subpoenaed party may move to quash or modify the subpoena. *See* Fed. R. Civ. P. 45(3)(A). A party may also move to quash or modify a subpoena directed to a non-party if the subpoena seeks the moving party's privileged information. *Eli Lily & Co. v. Teva Pharm. USA Inc.*, Case No. C17-0267-JSR, Dkt. No. 7 at 5 (W.D. Wash. 2017). The party seeking to quash or modify a subpoena bears the burden of showing that the subpoena should be quashed or modified. *See Goodman v. United*

*States*, 369 F.2d 166, 169 (9th Cir. 1966).

On November 8, 2022, GM LLC attempted to issue subpoenas on third-parties RJ 4505, LLC, and RJ 4500, LLC ("RJ Parties"), two entities allegedly created by the Plaintiffs' principals for the purpose of purchasing property with the funds previously set aside for the purchase of the Jet Chevrolet property. (Dkt. No. 50 at 9.) The subpoenas were served at the corporate headquarters and address of the RJ Parties' registered agent, which also happened to be the same address as an unaffiliated Toyota of Tacoma dealership. (Dkt. No. 57 at 3.) The subpoenas were handed to an employee of the Toyota Dealership at this location. (*Id*.) The RJ Parties responded to the subpoenas with blanket objections and refused to produce any requested document. (*Id.* at 7.) Defendant subsequently moved to compel compliance with the subpoenas. (*Id.*) Plaintiffs object to Defendant's motion to compel compliance on two grounds. First, that service was improper. (*Id*. at 3–5.) Second, that the requests are impermissibly broad. (*Id*. at 5–8.)

        1. <u>Insufficient Service of Process</u>

Federal Rule of Civil Procedure 4 is "a flexible rule that should be liberally construed so long as a party receives sufficient notice of the complaint" and there was "substantial compliance" with the rule. *See Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988). Pursuant to Rule 4(h)(1), a corporation served in a judicial district of the United States can be served "in the manner prescribed by Rule 4(e)(1) for serving an individual." Fed. R. Civ. P. 4(h)(1)(A). Rule 4(e) allows for service by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made" or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there[.] Fed. R. Civ. P. 4(e)(1)–(e)(2)(B).

Here, the subpoenas were personally served at the corporate headquarters and address of the registered agent for the RJ Parties to an individual of suitable age and discretion. (Dkt. No. 60 at 2.) Construing the requirements of Rule 4 liberally—as required by the Ninth Circuit—the

Court finds this method of service to be sufficient. *See Direct Mail Specialists, Inc.*, 840 F.2d at 688 (service on small corporation's receptionist was sufficient notice). The cases cited by the Plaintiffs relate to electronic delivery of service, and service via certified mail, not personal delivery. *Tubar v. Clift*, 2007 U.S. Dist. LEXIS 5674 (W.D. Wash. 2007); *Kantor v. Big Tip, Inc.*, 2017 U.S. Dist. LEXIS 94439 (W.D. Wash. 2017). Therefore, they are not persuasive. Moreover, Plaintiffs have not shown that they have suffered or will suffer any prejudice as a result of Defendant's alleged failure to abide by all the technical requirements of FRCP 4. Indeed, Plaintiffs' counsel began actively litigating this issue within days of receiving the subpoenas, and now represent the RJ parties in full. (Dkt. No. 57 at 4.) Accordingly, the Court DENIES Plaintiffs' request to quash the subpoenas served on the RJ Parties.

   2. <u>Relevance</u>

  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Relevant information is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In addressing the proportionality of discovery, the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1)

  The subpoenas seek documents evidencing Plaintiffs' efforts to mitigate damages. (Dkt. No. 50 at 7.) More specifically, the documents sought are relevant to Plaintiffs' claims, "that it suffered millions of dollars in damages for a lost real estate ownership opportunity." (*Id.*) Plaintiffs object to the scope and breadth of the requests, but the objections are conclusory in nature, and Plaintiffs have not provided any affidavits or evidence to support the claim that the requests are unduly burdensome. (Dkt. No. 57 at 6–7). Having reviewed the subpoenas, the

Court finds they are relevant, because they relate to Plaintiffs' efforts to mitigate damages, and the protective order issued in this case should obviate the privacy concerns. (Dkt. No. 32.) Furthermore, the documents appear reasonably attainable, and not unduly burdensome. To the extent Plaintiffs believed that Defendant should limit the temporal scope of the requests, this should be resolved in a meet and confer between the parties. Given the importance of the discovery issues and the lack of any demonstrated difficulty in producing the information, the Court ORDERS the RJ Parties to respond to the subpoenas issued by GM LLC on November 8, 2022.

3. <u>Sanctions</u>

Both parties request the Court to impose sanctions. (Dkt. Nos. 50 at 14; 57 at 8). The Court will once again give both parties the benefit of the doubt and find that the failure to comply with discovery requests resulted from either a breakdown in communication, or a genuine misunderstanding of the applicable law. Accordingly, both parties' requests for sanctions are DENIED.

**III.   CONCLUSION**

For the foregoing reasons, the Court ORDERS that:

1. No later than 30 days after the Court enters this order, the parties are ORDERED to meet and confer to discuss an amicable means of complying with the Court's directives;
2. No later than 30 days after the meet and confer, the parties are ORDERED to supplement their responses in accordance with the Court's directives;
3. The Plaintiffs' Motion to Compel (Dkt. No. 48) is DENIED;
4. The Defendant's Motion to Compel (Dkt. No. 50) is GRANTED in part and DENIED in part;
5. The Court will not impose any sanctions on either party at this time;
6. The parties are ORDERED to meet and confer before filing any future discovery

motions.

DATED this 20th day of January 2023.

_John C. Coughenour_
John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C21-1367-JCC
PAGE - 15